United States District Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASIA A. SANDERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-2224 |
| § | |
| IDAHO HOUSING AND FINANCE § | |
| ASSOCIATION, *et. al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court are Defendants' Motion to Dismiss (Document No. 3); *Pro Se* Plaintiff's Motion to Remand (Document No. 4); and *Pro Se* Plaintiff's Motion to Take Judicial Notice and Supplement the Record (Document No. 9). Having considered each motion, accompanying submissions, and applicable law, the Court determines that Defendants' motion to dismiss should be granted, and both of the plaintiff's motions should be denied as moot.

## I. BACKGROUND

This is a real property foreclosure matter. *Pro se* Plaintiff Asia A. Sanders ("Sanders"), purports to be the owner of real property located at 22127 Nobles Crossing Drive, Spring Texas 77373 (the "Property"). Sanders contends that Defendants Idaho Housing and Finance Association, HomeLoanServ, Inc., Bonial & Associates, P.C., and Chris Poston (hereinafter "Defendants"), initiated a

wrongful foreclosure on the Property based on: (1) improper notice under the Texas Property Code; (2) conflicting reinstatement letters; and (3) a lack of authority to foreclose.[1]

Based on the foregoing, on May 5, 2025, Sanders filed suit *pro se* in the 133rd Harris County District Court alleging violations of Section 51.002 of the Texas Property Code and Section 392.303(a)(2) of the Texas Debt Collection Act.[2] Sanders also seeks a declaratory judgment from this Court finding that the Defendants lacked the authority to foreclose on the Property and that the foreclosure notices were defective.[3] On May 16, 2025, Defendants removed this matter to this Court based on diversity jurisdiction. On that same date, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. Sanders did not respond to Defendants' motion to dismiss within either the original response date, or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

---

[1] *Plaintiff's State Court Petition*, Document No. 1, Exhibit D-1 at 5.

[2] *Plaintiff's State Court Petition*, Document No. 1, Exhibit D-1 at 5.

[3] *Plaintiff's State Court Petition*, Document No. 1, Exhibit D-1 at 6.

2

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss Sanders' causes of action, contending Sanders fails to state any claim upon which relief can be granted. Defendants further contend that dismissal is proper because Sanders lacked standing to bring the lawsuit. Sanders did not respond to Defendants' motion to dismiss, failing to rebut or offer

3

any evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will consider, in turn, each claim Defendants contend should be dismissed.

Defendants first contend that Sanders lacks standing to assert claims against Defendants regarding the Property. Sanders offers no rebuttal. The Fifth Circuit has made clear that a district court lacks power to decide a claim when a plaintiff lacks standing to bring the claim. Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As "the party invoking federal jurisdiction," the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561 (citation omitted). The plaintiff must meet this burden "with the manner and degree of evidence required at the successive stages of the litigation," which means that "on a motion to dismiss, [a] plaintiff must allege facts that give rise to a plausible claim of ... standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).

Here, Defendants contend that Sanders lacks standing to assert any claim against Defendants relating to the underlying mortgage loan, because Sanders is not a party to the loan. Defendants refers the Court to the Deed of Trust for the underlying mortgage loan, which reflects a Mr. Julius North as the only signatory to the loan. An independent review of the Deed of Trust reveals that Sanders is not a party to the Deed of Trust or Promissory Note executed in connection with the underlying mortgage loan for the Property in dispute. Additionally, Defendants note for the Court a significant berth of case law standing for the principal that a litigant must be a party to the deed or note relevant to a pending foreclosure to have standing to bring claims regarding the property in question. *See, e.g.*, *Setzer v. Richards*, 2012 WL 32943, at *3 (W.D. Tex. Jan. 5, 2012) (holding that the plaintiff, who acquired interest in subject property by quitclaim deed, was not a party to the mortgage loan and lacked standing to file suit regarding any alleged misconduct relating to the mortgage loan); *Lakiesha v. Bank of New York Mellon*, 2015 WL 5934439, at *3 (N.D. Tex. Oct. 9, 2015) (finding that plaintiff lacked standing to enforce rights under subject note because she was not a party to the note); *Hall v. Wells Fargo Bank, N.A.*, 2020 WL 13540308, at *2 (S.D. Tex. July 14, 2020) (finding that a plaintiff failed to properly assume a note in a real estate transaction and thus had no standing to sue). Sanders offers no rebuttal.

Considering the Fifth Circuit's stringent requirements to establish standing, and the abundant evidence in the record showcasing Sanders is not a party to the underlying mortgage loan and accompanying transactions, the Court finds that Sanders lack standing to bring suit against Defendants.[4] Accordingly, the Court finds that Defendants' motion to dismiss should be granted. Considering the Court's finding that no claims remain against Defendants in this matter, the Court need not reach the merits of the remaining motions and finds that they should be denied as moot.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Document No. 3) is **GRANTED**. The Court further

**ORDERS** that *Pro Se* Plaintiff's Motion to Remand (Document No. 4) is **DENIED AS MOOT**. The Court further

**ORDERS** that *Pro Se* Plaintiff's Motion to Take Judicial Notice and Supplement the Record (Document No. 9) is **DENIED AS MOOT**. The Court further

---

[4] Consider the Court's finding that Sanders lacks standing to bring suit against Defendants in this matter, the Court declines to reach the merits of Defendants arguments pertaining to: (1) Sanders capacity in representing a Trust; (2) attorney immunity; (3) the Texas Property Code; and (4) the Texas Debt Collection Act.

**ORDERS** that Plaintiff Asia A. Sanders' claims against Defendants Idaho Housing and Finance Association, HomeLoanServ, Inc., Bonial & Associates, P.C., and Chris Poston are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this __9__ day of June, 2025.

DAVID HITTNER
United States District Judge